# Exhibit 1

LAW OFFICES OF ERIC A. SHORE, P.C.
BY: RAPHAEL F. CASTRO
ATTORNEY I.D. #: 320140
2 PENN CENTER, SUITE 1240
1500 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19102
(215) 990-6646

*Filed and Attested by the
Office of Judicial Records
28 JUN 2022 01:47 pm
G. IMPERATO*

| | |
|---|---|
| **Antwine Coleman** : | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiff : | |
| v. : | |
| **Thyssenkrupp Elevator Corporation** : | No. 220501793 |
| and : | |
| Philadelphia Veterans Affairs Medical Center : | |
| : | CIVIL ACTION-LAW |
| Defendant : | |

## PRAECIPE TO REINSTATE COMPLAINT

To the Prothonotary:

Kindly reinstate the Complaint for the above referenced caption.

/s/ *Raphael F. Castro, Esq.*

BY: RAPHAEL F. CASTRO, ESQ.
ATTORNEY FOR PLAINTIFF

6/28/2022
DATE: _____

*Filed and Attested by the Office of Judicial Records*

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 03/23/2023
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent any parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

COURT OF COMMON PLEAS OF PHILADELPHIA

ANTWINE COLEMAN
128 N. Oak Avenue
Clifton Heights, PA 19108

v.

THYSSENKRUPP ELEVATOR CORPORATION
250 King Manor Drive
King of Prussia, PA 19406

and

PHILADELPHIA VETERANS AFFAIRS
MEDICAL CENTER                          Term _____
3900 Woodland Avenue
Philadelphia, PA 19104

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint and for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 220501795
Case ID: 220501795

LAW OFFICES OF ERIC A. SHORE
RAPHAEL F. CASTRO, ESQ. (No. 320140)
2 Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
raphaelc@ericshore.com
(215) 990-6646

*Attorney for Plaintiff*

| | | |
|---|---|---|
| ANTWINE COLEMAN<br>128 N. Oak Avenue<br>Clifton Heights, PA 19108 | : | COURT OF COMMON PLEAS,<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA |
| | : | |
| *Plaintiff* | : | No. |
| | : | |
| v. | : | Term _____ |
| | : | |
| THYSSENKRUPP ELEVATOR<br>CORPORATION<br>250 King Manor Drive<br>King of Prussia, PA 19406 | : | ARBITRATION DEMANDED<br>CIVIL ACTION – LAW |
| | : | |
| and | : | |
| | : | |
| PHILADELPHIA VETERANS<br>AFFAIRS MEDICAL CENTER<br>3900 Woodland Avenue<br>Philadelphia, PA 19104 | : | |
| | : | |
| *Defendants* | : | |

## CIVIL COMPLAINT

Plaintiff, Antwine Coleman, through his undersigned counsel, hereby files this Civil

Complaint against Defendant Philadelphia Veterans Affairs Medical Center and ThyssenKrupp

Elevator Corporation as follows:

## PARTIES

1.    Plaintiff, Antwine Coleman (hereinafter Coleman, or Plaintiff), resides at 128 N. Oak

Avenue, Clifton Heights, Pennsylvania 19108.

Case ID: 220501799
Case ID: 220501799

2.      Defendant ThyssenKrupp Elevator Corporation (hereinafter ThyssenKrupp) is an elevator company located in King of Prussia with their mailing address as 250 King Manor Drive, King of Prussia, PA 19406.

3.      Defendant Philadelphia Veterans Affairs Medical Center (hereinafter VA Medical Center) is a hospital, located in Philadelphia County with an address of 3900 Woodland Avenue, Philadelphia PA 19104.

## FACTUAL ALLEGATIONS

4.      On or about July 28, 2020, Plaintiff was a passenger in ThyssenKrupp's elevator at the VA Medical Center.

5.      The elevator came to a halt while in transit, and it then suddenly dropped from the 7th floor, jerking Plaintiff around inside of the elevator.

6.      The elevator finally came to a stop.

7.      Plaintiff was trapped inside of the elevator.

8.      Plaintiff had to jump out of elevator causing injuries to his lower back and knees, and aggravation of anxiety and stress.

10.     At all times material hereto, Defendants had a duty to operate and maintain and repair said elevator.

11.     Defendants breached said duty when it permitted dangerous conditions to exist on said elevator.

12.     Defendants knew or should have known of the dangerous condition, but failed to take corrective action.

13.     Plaintiff's injuries were caused solely and exclusively by the wrongful and liability-producing conduct of the Defendants as more specifically set forth below and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

14.   But for the wrongful and liability-producing conduct of Defendants, Plaintiff would not have sustained injuries.

15.   The elevator problems, resulting in Plaintiffs injuries, was caused by the negligent, grossly negligent, careless, and/or reckless misconduct of the Defendants, and its duly authorized agents, servants, workmen and employees in the following particulars:

    a.   Failure to use reasonable and proper care in the maintenance of the aforementioned elevator;

    b.   Permitting the elevator to remain in an unsecured, dangerous condition which the Defendants knew or should have known existed;

    c.   Failing to properly inspect the aforementioned elevator;

    d.   Failing to adequately warn Plaintiff of a defective condition which the Defendants knew or should have known existed.

    e.   Permitting elevator to remain in a highly dangerous and hazardous condition so as to constitute a danger and nuisance for those legally on the elevator;

    f.   Failing to provide for the safety of those legally on the elevator;

    g.   Failing to fix the problem of the faulty elevator when Defendants knew or should have known that a danger condition existed;

    h.   Negligent conduct with a conscience indifference to the safety of Plaintiff; and

    i.   Such other acts and omissions by Defendants constituting negligence as may be ascertained during the course of discovery provided by the Pennsylvania Rules of Civil Procedure.

14.   As a proximate result of Defendants conduct, Plaintiff sustained serious, painful and permanent physical injuries, and a claim is made therefore.

15.    Plaintiff has undergone great physical pain and suffering, mental anguish and posttraumatic distress, and will continue to endure the same for an indefinite amount of time in the future to his great detriment and loss, and a claim is made therefore.

16.    Plaintiff has been obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the injuries he has sustained and will continue to endure the same for an indefinite time in the future to his great detriment and loss and a claim is made therefore.

17.    Plaintiff has suffered extreme inconvenience and has been unable to attend to his day-to-day activities. Plaintiff has been deprived of the life's pleasures and will continue to suffer such deprivation for an indefinite amount of time, and a claim is made therefore.

18.    Plaintiff has suffered and will continue to suffer loss of wage, loss of opportunity, and a permanent diminution of his future earning power and capacity, and a claim is made therefore.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, in an amount not in excess of $50,000.00 together with interest, delay in damages, costs of suit and attorney's fees.

Respectfully Submitted,

Dated 05/19/2022

LAW OFFICES OF ERIC A. SHORE

BY:     /s/ Raphael F. Castro, Esq. (320140)
        RAPHAEL F. CASTRO, ESQ.
        2 Penn Center, Suite 1240
        1500 John F. Kennedy Boulevard
        Philadelphia, PA 19102
        raphaelc@ericshore.com
        (215) 990-6646
        *Attorney for Plaintiff*

Case ID: 220501799

## VERIFICATION

I, Raphael Castro, Esq., verify that the statements made in the foregoing Civil Action are true and correct to the best of our knowledge, information and belief. I further verify that we are authorized to take this Verification on behalf of Plaintiff in the capacity as an attorney.

I understand that false statements herein made are subject to the penalties of 18 Pa C.S.A. §4904, relating to unsworn falsification to authorizes.

Respectfully Submitted,

Dated 05/19/2022

LAW OFFICES OF ERIC A. SHORE

BY:     */s/ Raphael F. Castro, Esq. (No. 320140)*
RAPHAEL F. CASTRO, ESQ.
2 Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
raphaelc@ericshore.com
(215) 990-6646
*Attorney for Plaintiff*